(*) CHADBOURNE *versus* DUNCAN.

The sale of a vessel, like that of any other personal chattel, may be effected verbally and without writing.

If, between part owners of a vessel, the respective claims growing out of her employment have been liquidated, the balance due to either may be recovered by action at law.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

ASSUMPSIT for money had and received.

There was evidence tending to show *that* the defendant had effected insurance upon the brig Mechanic, and that he had received the amount as for a total loss; *that* this amount was something over $6000; *that* he was part owner, and had bills against the brig, which, being deducted from that amount, reduced the insurance money in his hands to $3200; *that* the owners of $\frac{15}{16}$ths had received their respective proportions of that sum; *that* he retained in his hands a balance of $200, as the proportion due upon the remaining sixteenth. The plaintiff claimed to be owner of that sixteenth, and demanded the $200 of the defendant, who replied that he did not know to whom it belonged. Whereupon this suit was brought. The only evidence introduced by the plaintiff to prove his title was the deposition of Miss Cushing, stating as follows, viz.: —

"I, Martha Cushing of Phipsburg, county of Lincoln, State of Maine, of lawful age, do testify on oath and say, that I heard Capt. Thomas Cushing, jr., on his return from a voyage in the brig Mechanic of Bath, in the spring of the year *one thousand eight hundred and forty-eight,* say to his father, who was one of the assessors of the town of Phipsburg, and, as I think, in the presence of Mr. Josiah Chadbourne, who had been his mate in that voyage, that he had sold to said Chadbourne one sixteenth of said brig Mechanic, and directed him to assess that part of said brig to Mr. Chadbourne as his property, and said part of said brig was taxed to Mr. Chadbourne, and I saw him pay the money to the collector of Phipsburg therefor; and the second year the collector called again to see

Chadbourne for his tax. Mr. Chadbourne was not at home, and the collector chalked up the amount over the door. The next voyage Mr. Chadbourne again went to sea with Thomas Cushing, jr. and in said brig, and on their return voyage Capt. Cushing being sick left the brig at Holmes Hole, Martha's Vineyard, and Mr. Chadbourne carried the brig to Boston. Subsequently Mr. Chadbourne went master of the brig."

There was evidence, that after the suit was brought, the defendant said all he wanted was to know to whom he should pay the $200, that being the sum which he was ready to pay.

The Judge instructed the jury, that to effect a sale of a vessel or a part of a vessel, it was not necessary there should be a bill of sale or any other writing ; and that a valid sale might be made verbally.

The defendant requested the Judge to instruct the jury, that the plaintiff, if part owner of the vessel with the defendant, *could not maintain the suit.* In reference to this request, the instruction was, that if the plaintiff owned one sixteenth of the brig, and the sum due for that sixteenth was liquidated between the parties, so that there was no question as to its amount, an action at law could be maintained therefor after demand, if in other respects he was entitled to recover.

The Judge was also requested to instruct the jury, that the defendant being part owner of the vessel, had no authority to insure the plaintiff's interest without a special authority, or an authority implied from previous transactions between the parties.

The instruction was, that if satisfied of the truth of the facts testified to, the jury were authorized to infer from the evidence that the defendant had authority to insure the plaintiff's interest, or that the plaintiff ratified the insurance.

The verdict was in favor of the plaintiff for $216. To the instructions and rulings of the Court the defendant excepted. He also filed a motion for a new trial.

*Tallman,* for the defendant.

*Porter & Smith,* for the plaintiff.

Howard, J. — The sale of a vessel, like that of any other personal chattel, may be proved by parole. Between the vendor and purchaser, neither a bill of sale, nor a change of registry is necessary, in order to complete the transfer. The instructions on this point were unexceptionable.

The requested instructions, in respect to the right of one part owner to maintain an action against another, and in regard to the plaintiff's claim upon the defendant, for money received as insurance upon the vessel, were given with suitable qualifications. The defendant has no occasion to complain of them, as being adverse to his legal rights.

The motion for a new trial was not heard by the Judge presiding at *Nisi Prius*, and unless it is based on the evidence as reported by him, it is not properly before us. Stat. 1852, c. 246, §§ 8, 13; *Parker* v. *Marston*, 34 Maine, 387. But if the exceptions contain the whole evidence, as stated by counsel, and not controverted, then there was evidence, that Cushing, claiming to own one sixteenth part of the vessel, professed to have sold his interest to the plaintiff; that the latter claimed to own it; that it was taxed to him, and that he paid the taxes one year at least. He was in possession of the vessel, and there is no evidence of an adverse claim to that sixteenth. There was no proof that the defendant was a part owner, but it is not denied by others, that he obtained the insurance for the owners. He claimed to hold in his hands the balance for the owner of that sixteenth, and to have paid to the owners of the other portions of the vessel, their respective proportional parts of the amount received for insurance, upon a total loss, as it is asserted. Upon the evidence now before us, we cannot say that the verdict was against law, or the evidence in the case.

*Exceptions and motion overruled.*

Shepley, C. J., and Rice and Hathaway, J. J., concurred.